[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2007
THOMAS K. KAHN
CLERK

No. 06-13933
Non-Argument Calendar
_____

BIA No. A97-951-703

HUA YOU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(March 6, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Petitioner Hua You is a native and citizen of China. An Immigration Judge (IJ) denied his application for asylum, withholding of removal under the Immigration and Naturalization Act (INA), and relief under the U.N. Convention Against Torture (CAT), and ordered his removal. The Board of Immigration Appeals (BIA) affirmed the IJ's decision. Petitioner now asks us to review that disposition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA adopted the IJ's determination "that [Petitioner] failed to meet his burden of establishing eligibility for his requested relief from removal." The majority of the BIA's opinion, however, consists of its own findings regarding Petitioner's eligibility for asylum, withholding of removal, and CAT relief. We therefore review the BIA's decision. We consider BIA's conclusions of law de novo, see Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and its findings of fact under the substantial evidence test. In the end, we must affirm the BIA's decision "if it is supported by reasonable, substantial and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (citation omitted); Antipova v. United States Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted).

The Attorney General has discretion to grant asylum if the alien meets the INA definition of "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or
> unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country unless the Government shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. § 208.13(b).

A request for withholding of removal requires that an alien show that his life or freedom would more likely than not be threatened in his country of origin on

account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 243(b)(3), 8 U.S.C. § 1252(b)(3); <u>Sepulveda v. United States Att'y Gen.</u>, 401 F.3d 1226, 1232 (11th Cir. 2005). Where an alien fails to establish eligibility for asylum, he likewise fails to establish withholding of removal. <u>See</u> <u>Al Najjar</u>, 257 F.3d at 1293. Similarly, to obtain CAT relief, the burden is on the alien to establish that it is "more likely than not" that he will be tortured in the country of origin. 8 C.F.R. § 208.16(c)(2).[1] Where the alien fails to establish eligibility for asylum, which carries a lower burden of proof than the burden of proof for the withholding of removal and CAT relief, he likewise fails to establish eligibility for these other forms of relief. <u>See</u> <u>Al Najjar</u>, 257 F.3d at 1293.

Although the IJ found Petitioner's testimony not credible, the BIA did not so find. We therefore assume that Petitioner's testimony was credible in assessing the merits of his petition for review. Though it found Petitioner's testimony credible in assessing the merits of his petition for review, the BIA had substantial evidence

---

[1] Torture is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).

4

before it to conclude that Petitioner failed to meet his burden of proof for asylum in that he failed to demonstrate a well-founded fear that he would be persecuted on a protected ground if returned to China.

Because, as noted above, eligibility for asylum carries a lower burden of proof than withholding of removal or CAT protection, substantial evidence also supports the BIA's conclusion that Petitioner failed to carry his burden of proof under these provisions.

PETITION DENIED.